# IN THE SUPREME COURT OF THE STATE OF DELAWARE

AMIR FATIR a/k/a STERLING HOBBS,

    Defendant Below,
    Appellant,

v.

STATE OF DELAWARE,

    Plaintiff Below,
    Appellee.

§
§
§ No. 51, 2016
§
§ Court Below—Superior Court
§ of the State of Delaware,
§
§ Cr. ID No. 75060892DI
§
§
§
§

Submitted: April 5, 2016
Decided:   May 24, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 24th day of May 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Amir Fatir, filed this appeal from the Superior Court's denial of his motion for sentence review. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Fatir's opening brief that his appeal is without merit. We agree and affirm.

(2)   In 1976, a Superior Court jury convicted Fatir of Murder in the First Degree, Robbery in the First Degree, Conspiracy in the Second Degree, and

Possession of a Deadly Weapon during the Commission of a Felony ("PDWCF"). The Superior Court sentenced Fatir to death. The death sentence ultimately was vacated, and Fatir was resentenced to life imprisonment on his murder conviction.[1] Fatir's thirty year sentence for PDWCF was vacated in 2015.

(3)    On December 29, 2015, Fatir filed a two-page motion for sentence review. Relying upon the United States Supreme Court's decisions in *Roper v. Simmons*,[2] *Graham v. Florida*,[3] and *Miller v. Alabama*[4] and 11 *Del. C.* § 4209A,[5] Fatir argued that his prison sentence should be modified to a term of less than life imprisonment because his brain was immature when he committed the crimes at the age of twenty-two. The Superior Court denied the motion, concluding that the motion was time-barred and the life sentence for Murder in the First Degree was mandatory and could not be reduced. This appeal followed.

(4)    In addition to the arguments he made below, Fatir argues for the first time on appeal that the *Roper*, *Graham*, and *Miller* decisions, as well as the enactment of Section 4209A, constitute extraordinary circumstances under

---

[1] *See State v. Spence*, 367 A.2d 983, 988 (Del. 1976) (finding Delaware's death penalty scheme unconstitutional and ordering the imposition of life sentences without parole for nine death row defendants, including Fatir).

[2] 543 U.S. 551, 578 (2005) (holding death penalty for crimes committed by defendants under the age of eighteen was unconstitutional).

[3] 560 U.S. 48, 82 (2010) (holding imposition of life sentence without parole for non-homicide crimes committed by juveniles was unconstitutional).

[4] 132 S. Ct. 2455, 2475 (2012) (holding mandatory life sentence without parole for those under eighteen at the time of their crimes violates the Eighth Amendment).

[5] 11 *Del. C.* § 4209A (providing that person who is convicted of murder in the first degree for crime committed before person's eighteenth birthday will be sentenced to twenty-five years to life imprisonment).

Superior Court Criminal Rule 35(b), Section 4209A is unconstitutional because it is limited to offenders under the age of eighteen, his life sentence for Murder in the First Degree constitutes cruel and unusual punishment in violation of the Eighth Amendment, and he is eligible for sentence modification under 11 *Del. C.* § 4217. We review the Superior Court's denial of a motion for modification of sentence for abuse of discretion.[6] To the extent the claim involves a question of law, we review the claim *de novo.*[7] Claims that are not raised in the court below can only be reviewed for plain error.[8] Regardless of the standard of review, Fatir's claims are without merit.

(5)    To the extent Fatir contends that his sentence of life imprisonment is illegal because his brain was not mature at the time of his crimes, a motion to correct an illegal sentence under Rule 35(a) may be filed at any time.[9] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[10] Fatir cites no authority holding that the mandatory imposition of a life

---

[6] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[7] *Id.*
[8] *Kirkley v. State*, 41 A.3d 372, 377 (Del. 2012).
[9] Super. Ct. Crim. R. 35(a).
[10] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

sentence for Murder in the First Degree by a person like Fatir, who was over the age of eighteen at the time of his crimes, is unconstitutional or illegal.

(6) To the extent Fatir seeks a reduction of his sentence under Rule 35(b), a motion for reduction of sentence filed more than ninety days after imposition of the sentence will be considered only in extraordinary circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217.[11] Fatir filed his motion for sentence review more than ninety days after the imposition of his sentence. Contrary to Fatir's contentions, the *Roper*, *Graham*, and *Miller* decisions and the enactment of Section 4209A do not constitute extraordinary circumstances warranting review of his sentence. Fatir fails to acknowledge that those decisions and that statute apply to defendants who were under the age of eighteen at the time of their crimes.[12] Fatir was twenty-two at the time of his crimes.

(7) As to Fatir's contention that he was entitled to relief under Section 4217, this section requires that the Department of Correction file an application with the Superior Court "for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self."[13] There is no indication in the record that the Department

---

[11] Super. Ct. Crim. R. 35(b).

[12] *See supra nn.* 2-5.

[13] 11 *Del. C.* § 4217(b).

of Correction has filed such an application. Having carefully reviewed the positions of the parties, we conclude that the Superior Court did not err in denying Fatir's motion for sentence review.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

5